UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RODERICK R. MITCHELL,

    Petitioner,

v.                                                         Case No. 5:17-cv-02-Oc-33PRL

SECRETARY, DEPT. OF
CORRECTIONS, et al.,

    Respondents.
_____\

## ORDER

Petitioner, a state prisoner acting *pro se*, initiated this case by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Respondents filed a Response seeking denial of the Petition. (Doc. 8). Petitioner filed a Reply. (Doc. 12). Because the Court may resolve the Petition on the basis of the record, an evidentiary hearing is not warranted. *See* Habeas Rule 8(a). For the reasons discussed below, the Petition is denied.

**PROCEDURAL HISTORY**

In July 2012, a jury in Marion County, Florida, found Petitioner guilty of second-degree murder with a firearm. (Respondents' Appendix, Doc. 8, Exh. A, pp. 157) (hereafter "Exh").

According to the testimony presented at trial, Petitioner shot the victim during a brief altercation in the parking lot of a nightclub. Petitioner admitted to police that he shot the victim, but stated that it was in self-defense. (Exh. B, pp. 137-38, 159, 164, 168-69). Petitioner testified at trial that he saw the victim made a gesture to the right side of his body and he feared for his life. He fired one shot and ran home. (Exh. B, pp. 301-08).

Petitioner was sentenced to 50 years imprisonment. (*Id.* at pp. 192-200). Petitioner's conviction and sentence were affirmed by the Fifth District Court of Appeal, *per curiam* without

written opinion, on April 30, 2013. (Exh. F); *Mitchell v. State*, 112 So.3d 100 (Fla. 5th DCA 2013) (table).

On January 9, 2015, Petitioner filed a *pro se* motion for post-conviction relief pursuant to Fla. R. Crim. P. 3.850, raising six claims of ineffective assistance of counsel:

1. Trial counsel failed to file a motion to suppress statements obtained after an illegal arrest;
2. Trial counsel failed to request an addition to the justifiable homicide instruction;
3. Trial counsel failed to impeach State witness Travis Scott with prior sworn statements;
4. Trial counsel failed to call Chelsea Shaw as a witness;
5. Trial counsel failed to investigate and present a theory that a firearm was removed from the victim's body after his death; and,
6. Cumulative error of trial counsel.

(Exh. M. pp. 1-33).

On May 27, 2015, the trial court conducted an evidentiary hearing. The trial court denied the motion on June 19, 2015. (Exh. M, p.157-67). Petitioner appealed, and the Fifth District Court of Appeal affirmed *per curiam* without written opinion. *Mitchell v. State*, 199 So.3d 283 (Fla. 5th DCA 2016) (table); (Exh. Q).

While his Rule 3.850 motion was pending, Petitioner filed a state habeas petition alleging his counsel on direct appeal (who filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967)) was ineffective for failing to argue that the jury instruction on the lesser included offense of manslaughter was unconstitutional. (Exh. T). Petitioner admitted in his petition that it was untimely, but argued it should be considered to avoid manifest injustice. (*Id.* at p. 12). The State responded, arguing that the court was without jurisdiction to consider the petition because it was time-barred and meritless. (Exh. U). The Fifth District Court of Appeal denied the petition on October 27, 2015, with no written explanation. (Exh. W).

### THE PRESENT PETITION

Petitioner, *pro se*, filed a timely federal habeas petition in this Court on December 28, 2016. (Doc. 1). He alleges three claims of ineffective assistance of trial counsel, presented as

claims 1, 3, and 5 in his post-conviction motion. Petitioner also alleges one claim of ineffective assistance of appellate counsel.

## AEDPA STANDARD OF REVIEW

The role of a federal habeas court when reviewing a state prisoner's application pursuant to 28 U.S.C. § 2254 is limited. *See Williams v. Taylor*, 529 U.S. 362, 403-404, 120 S. Ct. 1495, 1518-19 (2000). Specifically, a federal court must give deference to state court adjudications unless the state court's adjudication of the claim is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state proceeding." *See* 28 U.S.C. § 2254(d)(1)- (2). The "contrary to" and "unreasonable application" clauses provide separate bases for review. *Wellington v. Moore,* 314 F.3d 1256, 1260-61 (11th Cir. 2002). A state court's rejection of a claim on the merits is entitled to deference regardless of whether the state court has explained the rationale for its ruling.

Furthermore, under § 2254(d)(2), this Court must determine whether the state court's adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. The AEDPA directs that only clear and convincing evidence will rebut the presumption of correctness afforded the factual findings of the state court. *See* § 2254(e)(1). Therefore, it is possible that federal review may determine that a factual finding of the state court was in error, but deny the Petition because the overall determination of the facts resulting in the adjudication was reasonable. *See Valdez v. Cockrell*, 274 F.3d 941, 951 n. 17 (5th Cir. 2001).

## EXHAUSTION AND PROCEDURAL DEFAULT

The requirement of exhausting state remedies as a prerequisite to federal review is satisfied if the petitioner "fairly presents" his claim in each appropriate state court and alerts

3

that court to the federal nature of the claim. 28 U.S.C. § 2254(b)(1); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). The prohibition against raising unexhausted claims in federal court extends not only to broad legal theories of relief, but also to the specific assertions of fact that might support relief. *Kelley v. Sec'y for Dep't of Corr.*, 377 F.3d 1317, 1344 (11th Cir. 2004).

A federal claim is subject to procedural default where the petitioner failed to properly exhaust it in state court and it is obvious that the unexhausted claim would now be barred under state procedural rules. *See Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999). A procedural default may be excused if the petitioner establishes (1) cause for the default and prejudice, or (2) a fundamental miscarriage of justice. *Id.* at 1306. The fundamental-miscarriage-of-justice exception is "exceedingly narrow in scope" because it requires proof of actual innocence, not just legal innocence. *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001).

**INEFFECTIVE ASSISTANCE OF COUNSEL**

State court rulings on ineffective assistance of counsel claims are governed by *Strickland v. Washington*, 466 U.S. 668 (1984). "Ineffective assistance under *Strickland* is deficient performance by counsel resulting in prejudice . . . with performance being measured against an 'objective standard of reasonableness' under 'prevailing professional norms.'" *Rompilla v. Beard*, 545 U.S. 374, 380 (2005) (quoting *Strickland*, 466 U.S. at 688) (internal citations omitted). The Supreme Court has stated that in passing on ineffective assistance of counsel claims brought by state prisoners seeking habeas corpus relief subject to 28 U.S.C. § 2254(d)(1) and/or (2), the standard to be applied is "doubly deferential." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011). The state and the defense counsel are entitled to the presumption of effective counsel created by Strickland, and are further entitled to the deference and presumption of reasonableness that is due to the state court decision under § 2254(d)(1) and/or (2). *See Burt v. Titlow*, 134 S. Ct. 10, 13 (2013) (citing *Pinholster*, 131 S. Ct. at 1403).

## DISCUSSION

**GROUND ONE:**     **Ineffective assistance of trial counsel – failure to move to suppress statements made to police after an illegal arrest**

In Ground 1, Petitioner argues that trial counsel failed to move to suppress his confession where the police did not have probable cause to arrest him. (Doc. 1). In rejecting this claim on post-conviction review, the state court wrote:

> In this claim the defendant argues the confession he gave to Detective Bowman was inadmissible at trial because it was the product of an unlawful arrest. He argues the arrest was unlawful because he was handcuffed and placed in the back seat of a patrol car without probable cause to arrest him. At the evidentiary hearing the defendant had nothing to add to the content of his written motion.
>
> Defendant's trial counsel, David Mengers, testified at the hearing that there was no legal basis for a motion to suppress the defendant's statements. Mr. Mengers believed Detective Bowman had a legal basis to interview the defendant, and there would have been no merit to a motion to suppress.
>
> Detective Bowman testified at the hearing about the facts and circumstances leading up to his interview of the defendant and the defendant's confession after a waiver of *Miranda* warnings.
>
> The defendant has failed to establish a basis for a motion to suppress or a likelihood that such motion would have been granted. From the evidence in the record, it is apparent that such a motion would have failed. Failure to raise meritless claims does not constitute ineffective assistance of counsel. Counsel cannot be ineffective for failing to file a motion which would have been properly denied.

(Exh. M, pp. 160-61) (internal citations omitted). The state court's ruling on this issue was affirmed by the Fifth District Court of Appeal. (Exh. Q).

To determine whether trial counsel was constitutionally deficient for failing to file a motion to suppress, it is necessary to determine whether the motion had merit. *Kimmelman v. Morrison*, 477 U.S. 365 (1986). An officer has probable cause to make an arrest when it is "objectively reasonable based on the totality of the circumstances." *Wood v. Kesler*, 323 F.3d 872, 878 (11th Cir. 2003) (quotation omitted). "This standard is met when the facts and circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information, would cause a

prudent person to believe, under the circumstances shown, that the suspect has committed . . . an offense." *Id.* (quotation omitted).

Here, Detective Bowman testified at trial and at the Rule 3.850 evidentiary hearing that he had investigated the shooting for several days and had received a tip that the shooter was a man named R.J. Petitioner's criminal background report listed R.J. as an alias. Detective Bowman also received a tip that on the night of the shooting, a white Jeep was seen leaving the nightclub. Police records showed that approximately 1.5 hours after the shooting, a white Jeep was stopped and that Petitioner was a passenger in the Jeep. Detective Bowman then showed a photo lineup to several witnesses who identified him as being present at the nightclub the night of the shooting; one witness positively identified Petitioner as the shooter. Detective Bowman then located Petitioner and took him into custody. Petitioner was given his warnings pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1996), and ultimately admitted to shooting the victim. (Exh. M., pp. 249-64).

Petitioner has failed to show that a motion to suppress his confession based on a theory of an illegal arrest would have any merit, based on the testimony of Detective Bowman regarding the facts and circumstances surrounding his arrest. Trial counsel was not ineffective for failing to file a meritless motion. *See, e.g., United States v. Curbelo*, 726 F.3d 1260, 1267 (11th Cir. 2013) ("[I]t goes without saying that counsel is not ineffective for failing to file a meritless suppression motion.").

Petitioner has failed to demonstrate that the state court's rejection of this claim was contrary to, or an unreasonable application of *Strickland,* or an unreasonable determination of the facts in light of the evidence adduced in state court. Ground 1 is without merit.

**GROUND TWO:        Ineffective assistance of counsel – failure to request jury instruction**

In Ground 2, Petitioner argues that trial counsel was constitutionally ineffective for failing to request the jury be instructed that in addition to aggravated assault, justifiable homicide was appropriate if the victim was attempting to commit aggravated battery or felony battery. (Doc. 1).

In rejecting this claim on post-conviction review, the state court wrote:

> The defendant acknowledged that he never discussed this issue with Mr. Mengers, and that he only become aware of this issue after the trial was over. The defendant was unable to articulate how he was prejudiced by the absence of aggravated battery and felony battery from the justifiable homicide instruction in light of the fact that the jury was instructed on self defense . . .
>
> Mr. Mengers testified that the jury instructions were appropriate and the inclusion of the offenses sought by the defendant in the justifiable homicide instruction would not have had an effect on the outcome of the case in his opinion. Their theory of the defense in this case was self defense. The self defense instruction was given adequately and were appropriate as given. The justifiable use of deadly force instruction was included. That instruction covered the matters suggested by the defendant in this claim.
>
> This claim is supported by nothing more than mere speculation. This claim fails.

(Exh. M, pp. 161-62) (internal citations omitted). The Fifth District Court of Appeal affirmed the trial court's decision. (Exh. Q).

At trial, the jury was instructed that "The killing of a human being is justifiable homicide and lawful if necessarily done while resisting an attempt to murder or commit a felony upon the Defendant." (Exh. B, p. 402). It was also instructed:

> "Deadly force" means force likely to cause death or great bodily injury. The use of deadly force is justifiable only if the Defendant reasonably believed that the force is necessary to prevent imminent death or great bodily harm to himself while resisting, one, another's attempt to murder him or, two, any attempt to commit aggravated assault upon him.
>
> "Aggravated assault" is defined as follows as it relates to Roderick Ranard Mitchell's use of deadly force:
>
> One, Daniel Duddler Davis intentionally and unlawfully threatened, either by word or act to do violence to Roderick Ranard Mitchell,
>
> Two, at the time, Daniel Duddler Davis appeared to have the ability to carry out the threat,

7

Three, the act of Daniel Duddler Davis created in the mind of Roderick Ranard Mitchell a well-founded fear that the violence was about to take place,

Four, the assault was made with a deadly weapon.

(Exh. B, p. 409).

The jury instructions given by the Court mirror Florida's Standard Criminal Jury Instructions at 3.6(f) (Justifiable [Use] [Or] [Threatened Use] of Deadly Force] and 7.1 (Introduction to Homicide). The Petitioner testified at trial that he thought the victim had a gun and that he was in fear for his life when the victim made a gesture to the right side of his pocket. (Exh. B, pp. 307-08). Petitioner now argues that trial counsel should have requested inclusion of additional the lesser felonies of aggravated battery or felony battery to support a theory that the victim was going beat Petitioner. (Doc. 1, p. 12.) Petitioner cannot show that trial counsel's performance was deficient where he declined to request modifications to the jury instructions that were inconsistent with Petitioner's testimony that he thought the victim was going to shoot him. Nor has Petitioner demonstrated that he was prejudiced by the omission of these felonies in the instructions, where the instructions were entirely consistent with Petitioner's version of events.

Petitioner has failed to demonstrate that the state court's rejection of his claim was contrary to, or an unreasonable application of *Strickland,* or an unreasonable determination of the facts in light of the evidence adduced in state court. Ground 2 is without merit.

**GROUND THREE:** **Ineffective assistance of counsel – failure to argue on direct appeal that the jury instruction for manslaughter contained constitutionally deficient language**

In Ground 3, Petitioner contends that the jury instruction for his lesser included offense of manslaughter was constitutionally deficient because it stated that it required a finding that Petitioner "intentionally committed an act that caused the death of the victim." Petitioner points to *State v. Montgomery*, 39 So.3d 252 (Fla. 2010), in which the Florida Supreme Court held that

8

the previous standard jury instruction on manslaughter (i.e., Defendant intentionally caused the death of the victim) was inconsistent with Florida law.

Petitioner raised this issue in his state habeas petition alleging ineffective assistance of appellate counsel. (Exh. T). He conceded in the petition that it was untimely but argued that an exception to the time-bar applied. The State's response argued that the petition was untimely and, in the alternative, without merit. (Exh. U). The Fifth District Court of Appeal's order denying the petition merely stated that it was denied. (Exh. W). It offered no insight into whether the denial was due to the time-bar or merits. Respondent argues that this issue as raised in the present federal habeas petition is procedurally defaulted and therefore precluded from federal habeas review. (Doc. 8).

A claim is procedurally defaulted if it was presented in state court and rejected on independent and adequate state grounds. 28 U.S.C. § 2254; *Coleman v. Thompson*, 501 U.S. 722 (1991). Here, the state court rendering the last judgment in the case did not articulate any of its reasons for denying the petition. Whether it agreed with Petitioner's time-bar argument but ruled against him on his federal constitutional issue or only denied on the state timeliness issue is unknown. Accordingly, the procedural bar does not apply, and Petitioner's claim is subject to federal habeas review. *See Judd v. Haley*, 250 F.3d 1308 (11th Cir. 2001).

Petitioner's argument regarding the language in the manslaughter jury instructions is without merit, and therefore appellate counsel was not deficient for failing to raise it. The language used at his trial did not require a finding that he intended to kill the victim; rather, that he intended to commit an act and it resulted in the victim's death. This is consistent with the 2011 version of the instruction, which was approved by the Florida Supreme Court after many years of revision to comply with *Montgomery*. *See Daniels v. State*, 121 So.3d 409 (Fla. 2013); *In re Amendments to Standard Jury Instructions in Criminal Cases – Instruction 7.7,* 41 So.3d 853, 854-55 (Fla. 2010).

Petitioner has failed to demonstrate that the state court's rejection of his claim was contrary to, or an unreasonable application of *Strickland,* or an unreasonable determination of the facts in light of the evidence adduced in state court. Ground 3 is without merit.

**GROUND FOUR:** **Ineffective assistance of counsel – failure to investigate and present a theory that the victim's family members removed a gun from his body after his death**

In Ground 4, Petitioner argues that trial counsel was constitutionally ineffective for failing to argue that the victim did actually have a gun, but it was removed posthumously. (Doc. 1).

In rejecting this claim on post-conviction review, the trial court wrote:

In this claim the defendant argues Mr. Mengers failed to develop a defense theory that the victim's brother, Walter Davis, or his cousin, Antonio Hamilton, removed a firearm from the victim's body just before police arrived. Evidence that a firearm was removed from the body would have been consistent with "the defendant's own trial testimony that he shot the deceased because he was previously threatened and the deceased now appeared to be reaching for a weapon."

The defendant did not discuss this issue with Mr. Mengers before trial. Further, the defendant never indicated in his statement that he saw a gun, and he never told Mr. Mengers he saw a gun.

Mr. Mengers testified that, in his opinion, the argument suggested by the defendant was a weak argument that would not have had an effect on the outcome of the trial. He testified there was nothing to support this theory other than speculation. It was a "red herring." Neither the defendant nor anyone else ever indicated they saw a gun on or in the possession of the victim. Had there been such a claim, it is one that he would have explored.

This clam is without merit.

(Exh. M, p. 165) (internal citations omitted). The Fifth District Court of Appeal *per curiam* affirmed the post-conviction court's ruling without written opinion. (Exh. Q).

Petitioner never testified that he actually saw the victim possess a gun, but that he heard the victim say he had "fire" earlier during the evening inside the nightclub; and that right before the shooting, the victim reached toward his right pocket. Petitioner did not need to show that the victim actually had a gun in order to avail himself of a self-defense theory. Trial counsel testified at the Rule 3.850 evidentiary hearing that Petitioner had never discussed this theory with him

10

prior to trial, and that it was a weak argument because no one else ever indicated that the victim actually had a gun. (Exh. p. 165).

"The performance inquiry will generally boil down to whether trial counsel's actions (or inactions) were the result of deficient performance or sound trial strategy. To protect counsel's independence, we start with the strong presumption that trial counsel's performance was constitutionally adequate." *Harvey v. Warden, Union Corr. Inst.*, 629 F.3d 1228, 1238 (11th Cir. 2011) (citations omitted). Petitioner has not shown that trial counsel's performance was deficient, where he did not pursue a theory that would have been speculative and not vital to Petitioner's defense. Nor has Petitioner demonstrated that the outcome of his trial would have been different had this theory been presented to the jury.

Petitioner has failed to demonstrate that the state court's rejection of his claim was contrary to, or an unreasonable application of *Strickland,* or an unreasonable determination of the facts in light of the evidence adduced in state court. Ground 4 is without merit.

## CONCLUSION

For the reasons stated herein, the Petition (Doc. 1) is **DENIED with prejudice**. The Clerk is directed to enter judgment accordingly. Any of Petitioner's allegations not specifically addressed herein have been found to be without merit. The Clerk is directed to terminate any pending motions and close the file.

Petitioner is not entitled to a Certificate of Appealability (COA). He does not have the absolute right to appeal. 28 U.S.C. § 2253(c)(1). A COA must first issue. *Id.* To merit a COA, he must show that reasonable jurists would find debatable both (1) the merits of an underlying claim, and (2) the procedural issues that he seeks to raise. *See* 28 U.S.C. § 2254(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Petitioner has not made the requisite showing. Finally, because he is not entitled to a COA, he is not entitled to appeal in forma pauperis.

ORDERED at Ocala, Florida, on November 7th, 2019.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Counsel of Record
Roderick R. Mitchell